IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Bradley A. Hoyt, The Village LLC, a Minnesota Limited Liability Company, | Case No. 0:18-cv-02434-PSJ-DTS |
| Plaintiffs, | |
| v. | **JOINT AND SEPARATE ANSWER OF DEFENDANTS CITY OF ST. ANTHONY VILLAGE, MARK CASEY, AND JERRY FAUST** |
| The City of St. Anthony Village, Mark Casey, Jerry Faust, Breanne Rothstein, WSB & Associates, Inc., a Minnesota corporation, Stacie Kvilvang, Jay R. Lindgren, and Ehlers & Associates, Inc., a Minnesota Corporation, | |
| Defendants. | |

Defendants City of St. Anthony Village ("City"), Mark Casey, and Jerry Faust ("Defendants") for their Answer to The Village LLC, a Minnesota Limited Liability Company's ("The Village") and Bradley A. Hoyt's ("Plaintiffs") Amended Complaint, state as follows:

## INTRODUCTION

1.      Defendants deny Paragraph 1 of the Amended Complaint.

2.      Defendants deny Paragraph 2 of the Amended Complaint.

## PARTIES

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 3 of the Amended Complaint.

4.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 4 of the Amended Complaint.

5.     Defendants admit Paragraph 5 of the Amended Complaint, except to deny any implication that the City is located exclusively in Hennepin County.

6.     Regarding Paragraph 6, Defendants admit that since December 2011 Mark Casey has been the city manager for the City and a resident of Minnesota, but otherwise deny the Paragraph.

7.     Regarding Paragraph 7, Defendants admit that since 2004 Jerry Faust has been the mayor of the City and a resident of Minnesota, but otherwise deny the Paragraph.

8.     Regarding Paragraph 8, Defendants admit that Jay R. Lindgren is a licensed attorney in the state of Minnesota, but otherwise deny the Paragraph.

9.     Regarding Paragraph 9, Defendants admit that Breanne Rothstein is a planner employed by the firm that provides planning services for the City, an employee of WSB & Associates, Inc., and a resident of Minnesota, but otherwise deny the Paragraph.

10.     Defendants admit the first sentence of Paragraph 10 of the Amended Complaint. Regarding the second sentence of the Paragraph, Defendants admit that WSB & Associates, Inc. has contracted with the City of St. Anthony Village to provide professional engineering services and planning services.

11.     Regarding Paragraph 11, Defendants admit that Stacie Kvilvang is a Certified Independent Professional Municipal Advisor and an employee of Ehlers & Associates Inc., which provides financial consulting services to the City, but otherwise deny the Paragraph.

12.     Regarding Paragraph 12, Defendants admit the first and third sentences, and deny the second sentence.

## JURISDICTION AND VENUE

13.     Defendants admit Paragraph 13 of the Amended Complaint.

14.     Defendants deny Paragraph 14 of the Amended Complaint.

## FACTS

15.     Defendants deny the first sentence, and admit the second sentence of Paragraph 15 of the Amended Complaint.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 16 of the Amended Complaint.

17.     Defendants deny Paragraph 17 of the Amended Complaint.

18.     Defendants admit the first sentence, and lack knowledge or information sufficient to form a belief as to the truth of the second and third sentences of Paragraph 18 of the Amended Complaint.

19.     Defendants admit the first sentence (as they construe the undefined phrase "predominantly"), and lack knowledge or information sufficient to form a

belief as to the truth of the second sentence of Paragraph 19 of the Amended Complaint.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of  Paragraph 20 of the Amended Complaint.

21.    Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 21 of the Amended Complaint.

22.    Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 22 of the Amended Complaint

23.    Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 23 of the Amended Complaint.

24.    Defendants deny Paragraph 24 of the Amended Complaint.

25.    Defendants deny Paragraph 25 of the Amended Complaint.

26.    Defendants deny Paragraph 26 of the Amended Complaint.

27.    Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 27 of the Amended Complaint.

28.    Regarding Paragraph 28, Defendants admit that Bradley Hoyt, Traci Tomas, and Phil Johnson met with Casey and Rothstein at the Village Pub restaurant to discuss the potential project, but otherwise deny the Paragraph.

29.     Regarding Paragraph 29, Defendants admit that at a meeting Hoyt informed Casey and Rothstein that he was going to buy the property, but otherwise deny the Paragraph.

30.     Regarding Paragraph 30, Defendants admit that Casey and Rothstein met with representatives from the Village in meetings prior to April 27, 2016, including a meeting with Tomas and Johnson on April 19, 2016 at the Applebee's near city hall, but otherwise deny the Paragraph.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 31 of the Amended Complaint.

32.     Defendants deny Paragraph 32 of the Amended Complaint.

33.     Regarding Paragraph 33, Defendants admit that in early May 2016, City staff provided The Village with its preliminary analysis of the infrastructure and planning needs associated with the redevelopment based on a maximum build-out of 1,000 new units of multi-family housing, but otherwise deny the Paragraph.

34.     Regarding Paragraph 34, Defendants admit that in June 2016 The Village acquired the land at 2501 Lowry Avenue NE in the City, lack knowledge or information sufficient to form a belief as to the redevelopment purpose of the property, and otherwise deny the Paragraph.

35.     Regarding Paragraph 35, Defendants admit that The Village prepared a sketch plan submittal that included preliminary information necessary for the Environmental Assessment Worksheet ("EAW") process that showed 5 buildings on approximately 15 acres that would contain 300 senior living units and 500 apartments along with 37 two and three story for sale townhomes, and that indicated 90 of the units would meet the federal affordable housing standard, but otherwise deny the Paragraph.

36.     Regarding Paragraph 36, Defendants admit that an informational presentation was held before the Planning Commission on October 24, 2016 at which the Planning Commission did not offer any comments on the sketch plan, but otherwise deny the Paragraph.

37.     Defendants deny Paragraph 37 of the Amended Complaint.

38.     Regarding Paragraph 38, Defendants admit that the City Council adopted a resolution Issuing a Negative Declaration of Need for an Environmental Impact Statement ("EIS") on February 14, 2017, but otherwise deny the Paragraph.

39.     Defendants deny Paragraph 39 of the Amended Complaint because it does not fully and accurately recite the text of the referenced document.

40.     Regarding Paragraph 40, Defendants deny the first sentence. Defendants deny the second and third sentences of the Paragraph because they do not fully and accurately recite the text of the referenced document.

41.     Defendants deny Paragraph 41 of the Amended Complaint because it does not fully and accurately recite the text of the referenced document.

42.     Defendants deny Paragraph 42 of the Amended Complaint because it does not fully and accurately recite the text of the referenced document.

43.     Regarding Paragraph 43, Defendants admit that the EAW was included in the February 14, 2017 City Council meeting packet and that the City Council adopted a resolution Issuing a Negative Declaration of Need for an Environmental Impact Statement ("EIS") at that council meeting. Defendants deny the last sentence of the Paragraph.

44.     Regarding Paragraph 44, Defendants deny the first and third sentences, and admit the second sentence.

45.     Regarding Paragraph 45, Defendants lack knowledge or information sufficient to form a belief as to the truth of the first, second, and third sentences, except to admit that revised layouts were discussed with City staff. Defendants deny the last two sentences of the Paragraph.

46.     Regarding Paragraph 46, Defendants deny the first clause of the first sentence, admit that in mid-April, The Village advised the City that it was exploring acquisition of the Bremer site, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the Paragraph.

47.     Regarding Paragraph 47, Defendants admit that on May 2, 2017, the City Planner provided written notification of the requirements for submission of a preliminary development plan and preliminary plat, and otherwise deny the Paragraph.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 48 of the Amended Complaint.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 49 of the Amended Complaint.

50.     Defendants admit Paragraph 50 of the Amended Complaint.

51.     Regarding Paragraph 51, Defendants admit that residents of the mobile home park and AEON, an affordable housing developer, sued The Village, but otherwise deny the Paragraph.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 52 of the Amended Complaint.

53.     Regarding Paragraph 53, Defendants admit that The Village, after electing to close the mobile home park, complied with requirements imposed by Ordinance upon those who close mobile home parks within the St. Anthony Village city limits, but otherwise deny the Paragraph.

54.     Defendants deny Paragraph 54 of the Amended Complaint.

55.     Defendants deny the first sentence of Paragraph 55 of the Amended Complaint. Defendants admit that there was a concept plan which informed the EAW, but otherwise deny the second and third sentences of the Paragraph.

56.     Regarding Paragraph 56, Defendants admit that Rothstein authored the EAW with the benefit of information obtained from Plaintiffs and other sources, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the Paragraph.

57.     Defendants deny Paragraph 57 of the Amended Complaint because it does not fully and accurately recite the text of the EAW and Traffic Impact Study.

58.     Defendants admit Paragraph 58 of the Amended Complaint except to deny the first clause of the first sentence.

59.     Defendants deny the first sentence of Paragraph 59 of the Amended Complaint and admit the second sentence.

60.     Defendants deny Paragraph 60 of the Amended Complaint because it does not fully and accurately recite the text of the referenced document.

61.     Defendants deny Paragraph 61 of the Amended Complaint because it does not fully and accurately recite the text of the referenced document.

62.     Defendants deny Paragraph 62 of the Amended Complaint because it does not fully and accurately recite the text of the referenced document.

63.     Regarding Paragraph 63, Defendants admit that one of several options presented at a community meeting included a 14-story building, and that there was significant negative community feedback, but otherwise deny the Paragraph.

64.     Regarding Paragraph 64, Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of the Paragraph. Defendants admit that The Village included in its July 18, 2017 land use applications a separate building to provide affordable housing, and otherwise deny the Paragraph.

65.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the first and second sentences of Paragraph 65 of the Amended Complaint. Defendants admit the third sentence of the Paragraph.

66.     Defendants deny Paragraph 66 of the Amended Complaint.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 67 of the Amended Complaint. Defendants admit that Plaintiff joined with AEON and informed the City that they would be providing affordable units to be developed by AEON, and otherwise deny the remainder of the Paragraph.

68.     Defendants deny Paragraph 68 of the Amended Complaint.

69.     Defendants deny Paragraph 69 of the Amended Complaint.

70.     Regarding Paragraph 70, Defendants admit that on October 10, 2017, the City Council passed Resolution 17-070 denying The Comprehensive Plan Amendments, PUD Preliminary Development Plan/PUD Rezoning and Preliminary Plat related to The Village, LLC Project located at 2401 and 2501 Lowry Avenue, and otherwise deny the remainder of the Paragraph.

71.     Defendants deny Paragraph 71 of the Amended Complaint.

72.     Defendants deny Paragraph 72 of the Amended Complaint.

73.     Defendants deny Paragraph 73 of the Amended Complaint.

74.     Regarding Paragraph 74, Defendants lack sufficient knowledge or information as to whether Hoyt is the majority member of The Village, but otherwise admit the Paragraph.

75.     Regarding Paragraph 75, Defendants state that Plaintiffs and the City agreed in writing on October 17, 2017 not to use, rely upon, or reference any written or oral communications made in the course of settlement discussions (including specifically, but not limited to, a meeting on October 17, 2017), in any judicial or administrative proceeding in any forum. These restrictions were explicitly intended to "go beyond those in Minnesota Rule 408 and Federal Rule 408," and therefore do not depend on the purpose of the use or disclosure. Therefore, in lieu of a specific response to Paragraph 75, Defendants rely for their response on Paragraph 117 of this Answer.

76.     Regarding Paragraph 76, Defendants state that Plaintiffs and the City agreed in writing on October 17, 2017 not to use, rely upon, or reference any written or oral communications made in the course of settlement discussions (including specifically, but not limited to, a meeting on October 17, 2017), in any judicial or administrative proceeding in any forum. These restrictions were explicitly intended to "go beyond those in Minnesota Rule 408 and Federal Rule 408," and therefore do not depend on the purpose of the use or disclosure. Therefore, in lieu of a specific response to Paragraph 76, Defendants rely for their response on Paragraph 117 of this Answer.

77.     Regarding Paragraph 77, Defendants admit that there were meetings and communications between Hoyt and the City's representatives between October 17, 2017 and Spring of 2018, and that Hoyt talked about his "burn rate" and the passage of time, but otherwise deny the remainder of the Paragraph.

78.     Regarding Paragraph 78, Defendants admit the first two sentences and deny the third sentence.

79.     Defendants deny Paragraph 79 of the Amended Complaint because it does not fully and accurately recite the text of the referenced document.

80.     Regarding Paragraph 80, Defendants admit that the City engaged Kvilvang to prepare a TIF analysis, and that The Village was required to pay escrow deposits exceeding $100,000, but otherwise deny the remainder of the Paragraph.

81.     Regarding Paragraph 81, Defendants admit that the City Council work session packet for the May 29, 2018 City Council Work Session contained a one-page memo from Kvilvang that was addressed to Casey, and that Hoyt received the memo on May 22, 2018. Defendants otherwise deny the Paragraph.

82.     Defendants deny Paragraph 82 of the Amended Complaint.

83.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 83 of the Amended Complaint, except to admit that Robert Strachota is the president of Shenehon Company and holds MAI, CRE, MCBA certifications, and is an accredited expert in real estate valuation, and on May 29, 2018, Strachota sent Casey a memo citing a number of alleged deficiencies and errors in Kvilvang's analysis.

84.     Defendants deny Paragraph 84 of the Amended Complaint.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 85 of the Amended Complaint.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 86 of the Amended Complaint.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 87 of the Amended Complaint.

88.     Defendants admit Paragraph 88 of the Amended Complaint.

89.     Defendants admit Paragraph 89 of the Amended Complaint.

90.    Defendants deny Paragraph 90 of the Amended Complaint.

91.    Defendants deny Paragraph 91 of the Amended Complaint.

92.    Defendants deny Paragraph 92 of the Amended Complaint.

## COUNT I

93.    Defendants hereby incorporate by reference their responses to Paragraphs 1-92 of the Amended Complaint.

94.    Defendants deny Paragraph 94 of the Amended Complaint.

95.    Defendants deny Paragraph 95 of the Amended Complaint.

96.    Defendants deny Paragraph 96 of the Amended Complaint.

97.    Defendants deny Paragraph 97 of the Amended Complaint.

## COUNT II

98.    Defendants hereby incorporate by reference their responses to Paragraphs 1-97 of the Amended Complaint.

99.    Defendants deny Paragraph 99 of the Amended Complaint.

100.    Defendants deny Paragraph 100 of the Amended Complaint.

## COUNT III

101.    Defendants hereby incorporate by reference their responses to Paragraphs 1-100 of the Amended Complaint.

102.    Defendants deny Paragraph 102 of the Amended Complaint.

103.    Defendants deny Paragraph 103 of the Amended Complaint.

104.    Defendants deny Paragraph 104 of the Amended Complaint.

## COUNT IV

105.   Defendants hereby incorporate by reference their responses to Paragraphs 1-104 of the Amended Complaint.

106.   Defendants deny Paragraph 106 of the Amended Complaint.

107.   Regarding Paragraph 107, Defendants admit that, before Plaintiffs brought about the closure of the mobile home park, it provided affordable housing to residents of the City, but deny that its population was "substantially more diverse than the general population of the City."

108.   Defendants deny Paragraph 108 of the Amended Complaint.

109.   Defendants deny Paragraph 109 of the Amended Complaint.

110.   Defendants deny Paragraph 110 of the Amended Complaint.

111.   Defendants deny Paragraph 111 of the Amended Complaint.

112.   Defendants deny Paragraph 112 of the Amended Complaint.

113.   Defendants deny Paragraph 113 of the Amended Complaint.

114.   Defendants deny Paragraph 114 of the Amended Complaint.

115.   Defendants deny Paragraph 115 of the Amended Complaint.

116.   Defendants deny Paragraph 116 of the Amended Complaint.

117.   Unless explicitly admitted above, Defendants deny each and every allegation of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1.      The Court lacks subject-matter jurisdiction over every claim and every defendant other than the Equal Protection Clause and Fair Housing Act claims against the City.

2.      Plaintiff Hoyt, as a member of limited liability corporations and a person who has not properly alleged facts demonstrating any injury resulting from Defendants' alleged misconduct that is distinct from that allegedly incurred by a limited liability corporation of which he is a member, lacks standing to bring some or all of the claims asserted in the Amended Complaint. Plaintiffs' Amended Complaint fails to state a claim or claims upon which relief may be granted against the Defendant.

3.      Plaintiffs' Amended Complaint violates Fed. R. Civ. P. 9(b).

4.      Plaintiffs' claims regarding the City's denial of land-use applications of The Village are limited or barred by the City's approval of land-use applications of The Village on March 27, 2018. *See* Exhibits A (written statement in support of PUD application) and B (resolution of approval) hereto.

5.      Plaintiffs' claims regarding tax-increment financing are barred because Plaintiffs sued without awaiting a final decision by the City and its Housing and Redevelopment Authority ("HRA") on whether to take the steps necessary to lawfully approve tax-increment financing for the project. At most, tax-increment financing was the subject of a working session of the City Council on

May 29, 2018. *See* Exhibit C (working session minutes) hereto. No vote was taken by the HRA or by the Mayor and City Council members on that subject at that time, or thereafter. Thereafter, Plaintiffs did not pursue their tax-increment financing request.

6.     Plaintiffs' claims are limited or barred by the absence of statutory authority of individual City officials to bind the City; enter into binding contracts on behalf of the City; amend the City's comprehensive guide plan; amend the City's zoning ordinance, or otherwise vary the boundaries or designation of a district from those formally adopted by the City Council; approve a Planned Unit Development or a preliminary or final plat or commit tax-increment financing, except in compliance with the statutory pre-requisites for such actions, including but not limited to consideration of plan and zoning changes by the Planning Commission and formal approval of the act by a vote of the City Council, and (for tax increment financing) formal actions by the Mayor and City Council sitting as Commissioners of the HRA to create and implement a tax-increment financing district. Because only the City Council, acting as a whole in an official setting, can take such actions, Plaintiffs' alleged reliance on other acts or statements of individuals is unreasonable as a matter of law.

7.     Because The Village did not exist until it was incorporated on April 20, 2016, no representations could have been made to it before that date, and such

alleged representations therefore cannot serve as the basis for any claim by that Plaintiff.

8.      Because The Village was not a party to the purchase agreement that is alleged to have been fraudulently induced, it could not have been fraudulently induced to enter that agreement. Plaintiffs are not the real parties in interest to the extent their claims rely on alleged wrongful conduct directed toward Continental Property Group, LLC, before it assigned its right to purchase Lowry Grove Park to The Village.

9.      Plaintiffs' Fair Housing Act claim is barred because the City's actions were necessary to achieve a valid interest.

10.     Plaintiffs' Fair Housing Act claim is barred because Plaintiffs have failed to properly plead facts plausibly supporting a claim that the Defendants' policy or policies caused any disparate impact.

11.     Plaintiffs' Fair Housing Act claim is barred because Plaintiffs have failed to properly plead facts plausibly supporting a claim that the Defendants' actions are artificial, arbitrary, and unnecessary.

12.     Because the Individual Defendants lacked the authority and power to make a dwelling unavailable, Plaintiffs have no Fair Housing Act claims against any Individual Defendants.

13.     To the extent that any of Plaintiffs' claims are alleged to have arisen from the City's adoption of its Comprehensive Plan in 2008 or any alleged Fair Housing Act violations that predate August 20, 2016, such claims are barred by the applicable statutes of limitations, the doctrine of laches, or both.

14.     No Plaintiff is the real party in interest regarding the City's actions concerning the Bremer property, because no Plaintiff had a property interest in the property or an intention to hold title to the property, no Plaintiff held a contractual interest in the property before June 29, 2017 or between August 11, 2017 and December 4, 2017 (including the date of the City's October 10, 2017 denials), or after January 1, 2018, and on January 4, 2018, The Village withdrew its December 22, 2017 application to rezone the Bremer Property and approve a Planned Unit Development and preliminary plat that included that site.

15.     The Individual Defendants are entitled to qualified immunity and official immunity.

16.     Defendant City is entitled to derivative official immunity.

17.     Defendants are entitled to discretionary immunity.

18.     If a Defendant is liable to the plaintiff under state law, that defendant's liability for compensatory damages is limited pursuant to Minn. Stat. § 466.03, subd. 8, and § 466.04, subd. 1(a).

WHEREFORE, Defendants City of St. Anthony Village, Mark Casey, and Jerry Faust pray that the Amended Complaint be dismissed with prejudice and that judgment be entered in accordance with such dismissal, and that it be given judgment for costs, disbursements, and for such other relief as the court may deem just and equitable.

Dated:  September 27, 2018          **GREENE ESPEL PLLP**

s/John M. Baker
_____
John M. Baker, Reg. No. 0174403
Caitlinrose H. Fisher, Reg. No. 0398358
222 S. Ninth Street, Suite 2200
Minneapolis, MN  55402
jbaker@greeneespel.com
cfisher@greeneespel.com
(612) 373-0830

Attorneys for Defendants City of St. Anthony Village, Mark Casey, and Jerry Faust